## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

CLARENCE STEELMAN                                                    PLAINTIFF

v.                                    No. 4:23-cv-1068-DPM

CITY OF SHANNON HILLS,
ARKANSAS and HUNTER SULECKI, In
His Individual and Official Capacity as a
Police Officer for the Shannon Hills Police
Department                                                         DEFENDANTS

### ORDER

This is a case about an allegedly unlawful arrest and allegedly excessive force used in that arrest. Officer Hunter Sulecki pulled over Cortell Randolph for expired tags. After discovering that Randolph's driver's license was suspended, and that he had an active warrant, Officer Sulecki detained him. Randolph had two passengers in his car, including a small child. He didn't want his car to be towed, so he called his uncle, Clarence Steelman. All this was happening beside a busy road, just beyond a Dollar General parking lot. When Steelman got to the scene, he began shouting and causing a ruckus. Officer Sulecki put him in handcuffs. He walked Steelman over to the curb, and ordered him to sit down. Steelman didn't comply immediately. What happened next is disputed. In the end, though, Officer Sulecki

took Steelman down and broke his leg. Steelman was charged with several misdemeanors, which were all dropped.

Officer Sulecki and the city of Shannon Hills seek summary judgment on Steelman's resulting claims. Officer Sulecki asserts qualified immunity. Steelman wants a trial. Where some genuine dispute of material fact exists, the Court takes the record in the light most favorable to Steelman. *Oglesby v. Lesan*, 929 F.3d 526, 531–32 (8th Cir. 2019). When the body camera and FaceTime videos are clear, the Court has accepted those videos for the truth of what happened. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

\*

Steelman's Fourth Amendment claim for a warrantless arrest fails as a matter of law. Officer Sulecki had arguable probable cause to arrest him. *Ulrich v. Pope County*, 715 F.3d 1054, 1059 (8th Cir. 2013). Steelman approached the traffic stop, shouting at Officer Sulecki while the officer was arresting Randolph. *Doc. 27-3 at 16:00:48–16:01:011*. Even Randolph was encouraging Steelman to stay back. *Ibid.* Steelman came towards them anyway. *Doc. 27-3 at 16:02:06–16:02:12*. Officer Sulecki was alone. All this provided a reasonable officer at least arguable probable cause to arrest Steelman for obstructing governmental operations. Ark. Code Ann. § 5-54-102(a)(1); *Sullivan v. Richardson*, 2026 Ark. App. 145, at 5–6. Steelman kept shouting at and arguing with Officer Sulecki. These actions provided arguable

probable cause for a disorderly conduct arrest. Ark. Code Ann. § 5-71-207; *Ward v. City of Sherwood*, 173 F.4th 994, 998 (8th Cir. 2026) (Arkansas law). Finally, Steelman pulled his arms away after Officer Sulecki ordered him to put them behind his back. *Doc. 27-3 at 16:02:25–16:03:00*. That created arguable probable cause for a resisting arrest charge. Ark. Code Ann. § 5-54-103; *Pursley v. State*, 302 Ark. 471, 474–75, 791 S.W.2d 359, 360–61 (1990). No constitutional violation occurred in the arrest.

\*

Steelman's Fourth Amendment excessive force claim requires deeper analysis. Officer Sulecki presses for qualified immunity. A recent word from the Supreme Court summarizes the applicable law.

> Government officials enjoy qualified immunity from suit under § 1983 unless their conduct violates clearly established law. A right is clearly established when it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. A right is not clearly established if existing precedent does not place the constitutional question beyond debate. To find that a right is clearly established, courts generally need to identify a case where an officer acting under similar circumstances was held to have violated the Constitution. The relevant precedent must define the right with a high degree of specificity, so that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. Principles stated generally, such as that an officer may not use unreasonable and excessive force, do not suffice. In short, officers receive qualified immunity unless they

could have read the relevant precedent beforehand and known that it proscribed their specific conduct. [. . .] Whether any particular use of force violates the Fourth Amendment depends on the facts and circumstances of each particular case, including whether the officer gave warnings before using force.

*Zorn v. Linton*, No. 25-297, slip op. at 3–4 (U.S. 23 March 2026) (*per curiam*) (quotations and citations omitted).

Under applicable Eighth Circuit precedent, it's been clearly established for some time that an officer can't take a compliant, non-threatening pretrial detainee to the ground. *E.g., Montoya v. City of Flandreau*, 669 F.3d 867, 870–73 (8th Cir. 2012); *Karels v. Storz*, 906 F.3d 740, 744–47 (8th Cir. 2018); *MacKintrush v. Pulaski County Sheriff's Department*, 987 F.3d 767, 770–71 (8th Cir. 2021); *Cartia v. Beeman*, 122 F.4th 1036, 1042 (8th Cir. 2024). But if the person is resisting, the question gets closer. Though a reasonable officer isn't required to treat a detainee as gently as possible, our law doesn't allow gratuitous violence. *Blazek v. City of Iowa City*, 761 F.3d 920, 926 (8th Cir. 2014). The objective reasonableness of the officer's judgment about the amount of responding force depends, for example, on the severity of the crime, if the suspect posed an immediate threat to the officer's or others' safety, and if the suspect was resisting arrest. *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Kohorst v. Smith*, 968 F.3d 871, 876 (8th Cir.

-4-

2020). More resistance justifies more force. *Kohorst*, 968 F.3d at 876; *Cartia*, 122 F.4th at 1041–42 (surveying the cases).

Looking at this encounter from the perspective of a reasonable officer, and taking the record in Steelman's favor, genuine disputes of material fact exist. *MacKintrush*, 987 F.3d at 770. Keep in mind that all this was happening beside a busy road. Officer Sulecki was dealing alone with two detainees. Steelman was upset. He didn't prevent Officer Sulecki from handcuffing him and walking him to the curb, but he wasn't happy about it, either. He was fussing. And when Officer Sulecki told him to sit down, he didn't do so immediately.

But the parties disagree — and the available video is unclear — about what happened in the critical moments before Officer Sulecki took Steelman to the ground. *Compare Doc. 27-2 at 2 & Doc. 33-1 at 2–3, with Doc. 27-4 at 38–41 & Doc. 33-1 at 5–12*. In the body camera footage, Steelman appears to begin sitting before rising back up while finishing his thought. *Doc. 27-3 at 16:03:27–16:03:29*. Yet Officer Sulecki immediately took him down. The FaceTime video doesn't provide much more clarity. It shows Steelman putting his leg behind him, which could be seen as resisting the command to sit down. *Doc. 27-7 at 00:00:23–00:00:27*. But it could also be viewed as him tripping backward over the curb after Officer Sulecki started grappling with him. Everything happened very fast. The amount of force Officer

Sulecki used on Steelman is also disputed, and the videos don't clearly support one side's version of the events.

Viewing the record in the light most favorable to Steelman, a jury could find that a reasonable officer in Officer Sulecki's position wouldn't have thought that Steelman was ignoring his command to sit down and that Officer Sulecki tackled Steelman. *Compare Cartia*, 122 F.4th at 1042. If Steelman was cooperating, albeit with some verbal grousing, the tackle violated his clearly established rights. *Karels v. Storz*, 906 F.3d 740, 745–46 (8th Cir. 2018). Officer Sulecki is therefore not entitled to qualified immunity at this time. *Kelley v. Pruett*, 163 F.4th 1130, 1134 (8th Cir. 2026).

A jury must decide these disputed facts:

- Did Steelman begin to sit down moments before Officer Sulecki grappled with him?

- Did Steelman put his foot back to brace himself against sitting down, or was he trying to not fall backwards?

- Did Officer Sulecki merely put pressure on Steelman's shoulders and stomach, or did he tackle him?

Based on the jury's answers to special interrogatories, the Court will make a final ruling on qualified immunity. *Lee v. Andersen*, 616 F.3d 803, 811 (8th Cir. 2010). If Officer Sulecki is not entitled to qualified immunity, the jury will then decide (after further instruction and a

–6–

second closing argument) whether Officer Sulecki used excessive force. *Ibid.*

Steelman's echoing state law battery claim about the allegedly excessive force goes forward, too. Battery is wrongful and unpermitted physical contact. *Costner v. Adams*, 82 Ark. App. 148, 156, 121 S.W.3d 164, 170 (2003); HOWARD W. BRILL AND CHRISTIAN H. BRILL, ARKANSAS LAW OF DAMAGES § 33:6 (Nov. 2025 update). If Officer Sulecki violated Steelman's constitutional rights, then his touch was wrongful. *E.g.*, *Muhammad v. McCarrell*, 536 F.3d 934, 938 (8th Cir. 2008).

\*

Steelman's many other claims fail as a matter of law. The Fifth Amendment applies to the federal government's actions, not the state's. *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019). The Eighth Amendment applies to convicted prisoners, not pretrial detainees like Steelman. *Ibid.* He has abandoned his Fourteenth Amendment race discrimination claim by not responding to the motion for summary judgment on this point. *Satcher v. University of Arkansas at Pine Bluff Board of Trustees*, 558 F.3d 731, 734–35 (8th Cir. 2009). Because Officer Sulecki had arguable probable cause to arrest Steelman, his Fourteenth Amendment due process claim also drops out. *Marksmeier v. Davie*, 622 F.3d 896, 900 (8th Cir. 2010). His state-law false arrest claim fails for the same reason. *Headrick v. Wal-Mart Stores, Inc.*, 293 Ark. 433, 436, 738 S.W.2d 418, 420 (1987). Finally, Steelman's official-capacity claim

against Officer Sulecki duplicates his *Monell* claim.   *Robb v. Hungerbeeler*, 370 F.3d 735, 739 (8th Cir. 2004).   And his *Monell* claim fails:  Shannon Hills's policy is to use reasonable force, not excessive force.   *Doc. 27-5 at 63–66.*   Plus there's no record evidence of a widespread custom of excessive force. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403–04 (1997).

*

Motion for summary judgment, *Doc. 25,* mostly granted and partly denied.   Steelman's individual-capacity excessive force and battery claims against Officer Sulecki proceed.   Qualified immunity is denied without prejudice on those claims.   All his other claims are dismissed with prejudice.  The Court directs the Clerk to terminate the city of Shannon Hills as a defendant.  This case is first out for trial on 6 July 2026.

So Ordered.

_WPMarshall Jr._
D.P. Marshall Jr.
United States District Judge

_29 May 2026_